# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Deon Marquiest Kiles, | Case No.: 2:21-cv-01437-JAD-NJK |
| Petitioner | |
| v. | **Order Directing Service and Denying Motion for Counsel** |
| William Hutchings, et al., | |
| Respondents | [ECF No. 1-3] |

Petitioner Deon Marquiest Kiles brings this federal petition for habeas corpus relief under 28 U.S.C. § 2254 to challenge his 2017 state-court conviction for robbery with the use of a deadly weapon and burglary while in possession of a firearm.[1] He has paid the filing fee.[2] Having completed a preliminary review of the petition under Habeas Rule 4, I direct the Clerk of Court to docket it[3] and serve it on respondents.

Kiles also moves the court to appoint an attorney to represent him in this habeas case.[4] There is no constitutional right to appointed counsel for a federal habeas corpus proceeding,[5] but

---

[1] ECF No. 1-1.

[2] After I denied Kiles's IFP application, ECF No. 3, he paid the required fee as ordered. ECF No. 4.

[3] Because a petition for federal habeas corpus should include all claims for relief of which petitioner is aware, failure to include such a claim in a petition may result in it being forever barred. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, preferably in a motion to amend his petition to add the claim.

[4] ECF No. 1-3.

[5] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

the court must appoint an attorney if (1) a case is so complex denying counsel would deny due process or (2) the petitioner's education is so limited that he is incapable of fairly presenting his claims.[6]  Kiles's petition is sufficiently clear in presenting the issues that he wishes to bring, and the issues in this case are not particularly complex, so it does not appear that appointment of counsel is warranted here.  Kiles's motion for the appointment of counsel is thus denied.

**IT IS THEREFORE ORDERED** that the Motion to Appoint Counsel **[ECF No. 1-3] is DENIED.**

IT IS FURTHER ORDERED that the Clerk is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition and its attached exhibits (ECF Nos. 1-1 and 1-2), and the motion for appointment of counsel (ECF No. 1-3) on the respondents, along with a copy of this order; and
- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents.

IT IS FURTHER ORDERED that **respondents must file a response to the petition within 60 days of service of the petition.  Petitioner will then have 60 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.  Respondents will then have 30 days to file a reply.**  Any other motions will be subject to the normal briefing schedule under the local rules.

Any response to the petition must comport with Habeas Rule 5.  Additionally:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive

---

[6] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984); *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

motions to dismiss or embedded in the answer.  Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim.

4. Respondents must file the state court exhibits relevant to their response to the petition in chronological order.

5. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter.  The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as an "attachment" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base

document in each successive filing must be either a copy of the index or volume cover page.  See LR IC 2-2(a)(3)(A).

6. The hard copy of any additional state court record exhibits for this matter should be forwarded to the staff attorneys in **Reno**.

Dated: September 6, 2021

_____
U.S. District Judge Jennifer A. Dorsey